```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS DIXON,

                        Plaintiff,
                                          MEMORANDUM & ORDER
           -against-                      15-CV-4282(JS)(AKT)

BERNADETTE MINGLONE¹; THOMAS J. SPOTA,
District Attorney; P.O. STEVEN KENNY,
MTA Shield #2127; SERGEANT SEAN
O'LEARY, MTA Shield #2188; P.O. MATTERA,
MTA Shield #1009; P.O. PATRICK SHERIDAN,
MTA Shield #2247; P.O. KIRSCHALLEN,
MTA Shield #K-9-17; CAPT. BOYLEN, LT. J.
LASKOWITZ; SGT. RICHARD CONGRO; P.O.
DAVID PANNENBACKER, MTA Shield #2195;
P.O. MICHAEL FINTER, MTA Shield #2084;
P.O. GARY RINALDI, MTA Shield #312;
CALLEN, LIRR Worker ID #23513; JOSEPH
VEZZA; RONKONKOMA SUFFOLK COUNTY
EMPLOYEE, ID #29923; and KIM ROGNON,
Train Clerk #346335,

                        Defendants.
----------------------------------------X
```
APPEARANCES
For Plaintiff:      Thomas Dixon, pro se
                    13-A-3136
                    Upstate Correctional Facility
                    P.O. Box 2000
                    Malone, NY 12953

For Defendants:     No appearances.

SEYBERT, District Judge:

On July 13, 2015, incarcerated pro se plaintiff Thomas Dixon ("Plaintiff") filed an in forma pauperis Complaint in this

---

¹ The Court notes that Plaintiff's spelling of this individual's surname is inconsistent. For clarity's sake, the Court will spell the name "Minglone" throughout this Memorandum and Order.

1

Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Bernadette Minglone ("Minglone"), Thomas J. Spota, District Attorney; P.O. Steven Kenny, MTA Shield #2127; Sergeant Sean O'Leary, MTA Shield #2188; P.O. Mattera, MTA Shield #1009; P.O. Patrick Sheridan, MTA Shield #2247; P.O. Kirschallen, MTA Shield #K-9-17; Capt. Boylen; Lt. J. Laskowitz; Sgt. Richard Congro; P.O. David Pannenbacker, MTA Shield #2195; P.O. Michael Finter, MTA Shield #2084; P.O. Gary Rinaldi, MTA Shield #312; Callen, LIRR Worker ID #23513; Joseph Vezza ("Vezza"); Ronkonkoma Suffolk County Employee, ID #29923; and Kim Rognon, Train Clerk #346335 ("Rognon" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis and an application for the appointment of pro bono counsel to represent him in this case.[2]

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore,

---

[2] Plaintiff's applications to proceed in forma pauperis and for the appointment of pro bono counsel were incomplete. Accordingly, by Notice of Deficiency dated July 30, 2015 ("Notice"), Plaintiff was instructed to complete and return the enclosed forms within fourteen (14) days from the date of the Notice in order to proceed with this case. On August 17, 2015, Plaintiff filed complete applications to proceed in forma pauperis and for the appointment of pro bono counsel. Albeit untimely filed, the Court accepts Plaintiff's submissions. In addition, on September 11, 2015, Plaintiff filed a second application for the appointment of pro bono counsel.

2

Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the Complaint, the applications for the appointment of pro bono counsel are DENIED as they are now moot.

BACKGROUND[3]

Plaintiff's sparse handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges the following in its entirety:

> On October 5th 2012 at 8:37 AM I Thomas Dixon have taken the East Bound train to Ronkonkoma Suffolk County but I left from Hicksville train station [train number 12-13008] in Nassau County and recognized the train car was packed with people so I got on with bags of C.D.s new movie discs I was selling and when the train doors closed on my way to social services in Hauppauge Suffolk County in Long Island, and I announced loudly would anybody be interested in buying brand new movie C.D.s for $20 a pop or movie. During the moment I saw Bernadette Minglone sitting with a black [indecipherable] on her right leg and I politely asked her can she move so I can sit down. She looked at me like I was crazy so I give her the same treatment and she moved. She was on the train with Kim Rognon the Ronkonkoma train clerk who I know for 17 years working for the MTA Long Island Rail Road. They both was talking while I was taking care of other customers and some big white tall

---
[3] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

3

> gentleman came to me with a hundred dollars wanting 3 C.D.s after he looked at my bag of C.D.s and I pulled out fiftys and twentys to show I had his change and I replied God is good to me knowing I just got out of jail and gave the tall man his forty dollars while [indecipherable] I was trying to get off at Brentwood train station, Suffolk County but my ex-girlfriend Doretta [indecipherable] [ ] first cousin who name I don't know was on the train with her son wanting C.D.s cartoon for her son so I ended up getting off at Central Islip train station arguing with Doretta cousin when she told me I can take a bus to Hauppauge Social Services in Suffolk County.
>
> I stayed at Social Service all day not knowing Ms. Bernadette Minglone went to MTA police saying I got on the train at Deer Park train station in Suffolk County was a lie. She said I assaulted her inside the train in Ronkonkoma train station when I never was in Ronkonkoma that morning. Bernadette Minglone and Kim Rognon lied on me because I didn't get to Ronkonkoma train station until 6 pm on October 5th where I fell asleep. MTA punched and smacked me up early in the morning handcuffing me tight, digging deep in my pocket taking my cell phone $3 hundred and seventy dollars and have taken the rest of my C.D.s movies making me scream loud like a girl because Joseph Vezza, the cleaner for the Ronkonkoma train station called MTA police when he saw me sleeping on the train had ID #23513 LIRR.[4]

(Compl. ¶¶ IV, IV.A.) For relief, Plaintiff seeks to have "all detectives, captain, lieutenants and officer fired with $250,000,000 for mental stress that made me take psych medication because O'Leary

---

[4] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

told Kim Ragnon I was in Ronkonkoma October 5th 2012 when God knows and witness know I wasn't that morning . . . ." (Compl. ¶ V.)

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167

5

L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting

6

under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

As is readily apparent, Plaintiff has not alleged a plausible Section 1983 claim against any of the Defendants. Apart from Minglone, Rognon, and Vezza, none of the Defendants are included in the body of the Complaint and Plaintiff alleges no conduct

7

attributable to any of them, much less the deprivation of some Constitutional right. Nor has Plaintiff alleged a plausible Section 1983 claim Minglone, Rognon, and Vezza since none of these private individuals are alleged to act under color of state law. Accordingly, because the Complaint fails to allege a plausible claim for relief, it is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

IV. <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defect in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED. Indeed, affording the <u>pro se</u> Complaint a liberal construction, it appears that Plaintiff seeks to challenge the underlying criminal charges against him. However, because a civil Section 1983 suit is not the proper vehicle for such a challenge, amendment of the Complaint would be futile.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the Complaint, Plaintiff's applications for the appointment of pro bono counsel to represent him in this case are DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    November  5  , 2015
          Central Islip, New York